**In re Nelson L. BETANCES, Debtor.**

No. 02–23293.

United States Bankruptcy Court, W.D. New York.

Oct. 22, 2002.

---

Miguel A. Reyes, Rochester, NY, for debtor.

## DECISION & ORDER

JOHN C. NINFO, II, Chief Judge.

### BACKGROUND

On August 23, 2002, Nelson L. Betances (the "Debtor") filed a petition initiating a Chapter 7 case. On the Schedules and Statements required to be filed by Section 521 and Rule 1007, the Debtor indicated that: (1) he owned a residence at 195 Merlin Street, Rochester, New York ("Merlin Street"), which had a current market value of $44,500.00; (2) Wells Fargo Home Mortgage, Inc. ("Wells Fargo") held a first mortgage against Merlin Street which had an unpaid balance of $46,963.00 (the "Wells Fargo Mortgage"); and (3) Homecomings Financial held a sec-

ond mortgage against Merlin Street which had an unpaid balance of $30,516.00.

On September 7, 2002, a notice of an October 1, 2002 Section 341 Meeting of Creditors was mailed to all of the Debtor's creditors, including Wells Fargo. The notice also indicated that Kenneth W. Gordon, Esq. (the "Trustee") had been appointed as the Chapter 7 Trustee in the Debtor's case.

On September 9, 2002, Wells Fargo filed a Motion for Relief from the Automatic Stay (the "Stay Motion"), utilizing the Court's mandatory default procedure.[1] The Motion was made returnable on September 18, 2002.

The Stay Motion indicated that: (1) the Wells Fargo Mortgage was three months in arrears for a total arrearage of $1,744.42; (2) the market value of Merlin Street, based upon the current tax assessment, was $56,425.00; and (3) there was exempt equity of approximately $8,000.00 over and above the balance of approximately $48,000.00 due on the Wells Fargo Mortgage.

On September 10, 2002, the Trustee interposed Opposition to the Stay Motion that was based upon the failure of Wells Fargo to supply the documents which the Court, by a July 31, 2002 letter to the Panel of Chapter 7 trustees for the Rochester Division of the Western District of New York agreed must be supplied to the trustee in connection with any stay motion filed in a Chapter 7 case that was made

---

1. A wide variety of motions that are routinely brought before the Court, including stay motions in Chapter 7 and 13 cases, are governed by its default procedures. The default procedure for Chapter 7 and 13 stay motions requires the filing of: (1) a detailed cover sheet; (2) copies of mortgage or lien documents; and (3) proof of lien perfection. The cover sheet requires an equity analysis with the market value of the property in question to be established by one of a number of enumerated acceptable proofs, such as an appraisal or, in the case of real property, a tax assessment. The default procedure requires an opposing party to file written opposition not later than three business days prior to the return date of the motion, or the matter is stricken from the Court's motion calendar.

returnable prior to the initial 341 meeting (the "Required Documents").[2]

These Required Documents, where the property in question is mortgaged real property, are, as described by the Panel of trustees:

1. Cover Sheet;
2. Appraisal, comparative valuation, copy of full assessment, and from the year of or before the case was filed;
3. Copy of *filed* deed—showing ownership at time of filing;
4. Copy of *filed* mortgage(s);
5. Current statement of balance of mortgage from mortgagee, not attorney affidavit.

### DISCUSSION

Until recently, there was only an occasional stay motion filed with the Court in a Chapter 7 or 13 case that was made returnable before the initial 341 meeting. In those occasional cases, the Court and the parties generally adjourned the hearing on the motion until the next regularly scheduled motion calendar after the 341 meeting, so that the Trustee could conduct the meeting and make a determination as to whether: (1) the asset which was the subject of the motion should be administered in a Chapter 7 case because there was significant equity in the asset; or (2) the Trustee otherwise had a valid defense to the motion, such as a failure to properly perfect a lien.

At this time, the Panel of Chapter 7 trustees has advised the Court that: (1) there has been a substantial increase in the number of stay motions in Chapter 7 cases with a return date before the initial 341 meeting; (2) when they do not receive the Required Documents which provide them with the type of information they require and receive at the 341 meeting, the trustees are forced to file unnecessary protective opposition to the motions and appear at the return date, which also creates unnecessary additional work for the Court and the Bankruptcy Court Clerk's Office.[3]

Although it would be best for the trustees and the efficient operation of the Court and the Bankruptcy System if routine Chapter 7 and 13 stay motions were made returnable on the next regularly scheduled motion calendar after the initial 341 meeting, a secured creditor may have business reasons for filing a stay motion and making it returnable prior to the 341 meeting. In that event, in a Chapter 7 or 13 case, the secured creditor must factor into its business decision: (1) the need to provide the trustee with the Required Documents; and (2) the fact that obtaining and supplying the Required Documents may make the motion more expensive.

So that the Bankruptcy System in the Rochester Division of the Western District of New York can be administered more efficiently and effectively, for stay motions in Chapter 7 and 13 cases filed after November 30, 2002 where the return date is made before the initial 341 meeting, the Court will deny the stay motion without prejudice if: (1) the Required Documents are not supplied to the trustee at least one week prior to the return date; and (2) the

---

**2.** The Court's July 31, 2002 letter advised the Panel of Chapter 7 trustees that: (1) they could distribute copies of the letter to mortgagee attorneys; and (2) the Court would write a decision on this issue when a premature stay motion was filed where the Required Documents were not supplied.

**3.** The Court's motion calendar is an attorney-driven calendar, in that attorneys choose their own return date from among the Court's periodically published motion days.

trustee has notified the Court that he did not receive the Required Documents.

### CONCLUSION

Since the Wells Fargo Stay Motion was filed prior to November 30, 2002, and the Trustee has indicated that he has no opposition to the Motion, the Stay Motion is in all respects granted.

IT IS SO ORDERED.